**Kiril VUKOV, Plaintiff–Appellant,**

**v.**

**U.S. DEPARTMENT OF HOMELAND SECURITY, Citizenship and Immigration Services; Robert M. Cowan, Director of the National Benefits Center; Eric H. Holder, Jr., Attorney General; Janet Napolitano, Secretary of Department of Homeland Security; Alejandro Mayorkas, Director of the United States USCIS; United States of America, Defendants–Appellees.**

---

No. 13–55097.

United States Court of Appeals,
Ninth Circuit.

Submitted March 7, 2014.*

Filed March 12, 2014.

Nicolette Glazer, Law Offices of Larry R. Glazer, Century City, CA, for Plaintiff–Appellant.

Glenn Matthew Girdharry, Senior Litigation Counsel, DOJ—U.S. Department of Justice, Washington, DC, for Defendant–Appellee.

Before: KOZINSKI, Chief Judge, GRABER, Circuit Judge, and BREYER, Senior District Judge.**

MEMORANDUM ***

Kiril Vukov appeals the district court's order dismissing his putative class action. Vukov's suit sought, *inter alia*, to compel the United States Citizenship and Immigration Services ("USCIS") to adjudicate his adjustment of immigration status application. While Vukov's case was pending before the district court, USCIS denied his adjustment of status application on both statutory and discretionary grounds. The district court granted the government's motion to dismiss Vukov's case because Vukov's "claims that are based on the agency's alleged failure to act have been mooted by the denial of his adjustment application. Further, the Court lacks jurisdiction to review his claims challenging the denial itself."

The district court explained that USCIS's rejection of his adjustment of status application mooted his failure to adjudicate claims. The district court further found that it lacked jurisdiction to review the basis for that denial because the agency "alternately denied relief as a matter of discretion." That is, because the agency rejected Vukov's application not just on reviewable statutory grounds but alternately on non-reviewable discretionary grounds, there was no jurisdiction to second guess the agency decision.

We agree with the district court. USCIS's denial of Vukov's petition mooted his failure to adjudicate claims. "In general, when an administrative agency has performed the action sought by a plaintiff in litigation, a federal court 'lacks the ability to grant effective relief,' and the claim is moot." *Rosemere Neighborhood Ass'n v. U.S. Envtl. Prot. Agency*, 581 F.3d 1169, 1173 (9th Cir.2009) (quoting *Pub. Utils. Comm'n v. FERC*, 100 F.3d 1451, 1458 (9th Cir.1996)). The district court was also correct in holding that USCIS's discretionary basis for that denial of Vukov's petition is non-reviewable because 8 U.S.C. § 1252(a)(2)(B)(i) deprives us of jurisdiction to review such discretionary decisions. *See also Montero–Martinez v. Ashcroft*, 277 F.3d 1137, 1143 (9th Cir.2002); *Mamigonian v. Biggs*, 710 F.3d 936, 945 (9th Cir.2013) ("[W]e therefore affirm *Montero–Martinez* as good law, and hold that district courts have jurisdiction to hear cases challenging final agency determinations respecting eligibility for the immigra-

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Charles R. Breyer, Senior District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion benefits enumerated in 8 U.S.C. § 1252(a)(2)(B)(i) made on nondiscretionary grounds . . . .").

AFFIRMED.

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.